IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERTO NUNEZ, (TDCJ-CID #1722171) Petitioner, vs. LORIE DAVIS, Respondent. | § § § § § § § § § § § § CIVIL ACTION H-18-1452 |

**MEMORANDUM AND OPINION**

**I.    Background**

Petitioner, Roberto Nunez, seeks habeas corpus relief under 28 U.S.C. § 2254. Online research shows that Nunez was convicted of the felony offense of aggravated perjury. (Cause Number 63,517-A). On June 10, 2011, the state court sentenced Nunez to a 20-year prison term. Nunez indicates that he filed a state application on March 15, 2018, and it was denied on the same day. (Docket Entry No. 1, p. 4). Online research shows that Nunez's state application for postconviction relief is pending before the Texas Court of Criminal Appeals. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/.

On May 7, 2018, this Court received Nunez's federal petition. From his pleadings, this Court previously determined that Nunez was challenging a state-court felony conviction for aggravated perjury as well as the denial of release to parole. After reviewing the petition for a writ of habeas

corpus and available online state court records, this Court found that the petition may be subject to dismissal for failure to exhaust state-court remedies. In an order entered on May 30, 2018, this Court ordered Nunez to file a written submission by July 2, 2018, showing why this case should not be dismissed. (Docket Entry No. 7). Nunez complied on June 15, 2018. (Docket Entry No. 8). Nunez states that he does not attack the validity of this conviction or sentence. Rather, he challenges the denial of release to parole.

The threshold issue is whether this federal petition is subject to dismissal for failure to state a violation of a federally protected right.

## II. Analysis

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Nunez complains of the procedures used by the Texas Board of Pardons and Paroles to deny his release to parole. (Docket Entry No. 7). He complains that the Board has:

(1)  violated his right to due process and equal protection by relying on archaic information in his parole file;

(2)  abused its discretion in denying parole;

(3)  prevented Nunez from reviewing the reasons for the denial of his parole; and

(4)  denied his release to parole based on false information.

(Docket Entry No. 1, Federal Petition, pp. 6-7).

Nunez has no constitutional right to parole. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison*, 104 F.3d at 768 (citing Tex. Code Crim. P. Ann. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana*, 65 F.3d at 32). Nunez's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

### III. Conclusion

Nunez's challenges to the denial of parole lack merit. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000). Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker*, 104 F.3d at 768; *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied*, 501 U.S. 1210 (1991).

would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. 484.

This Court denies Nunez's petition after careful consideration of the merits of his constitutional claims. This Court denies a COA because Nunez has not made the necessary showing for issuance.

SIGNED at Houston, Texas, on June 26, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE